United States Court of Appeals
Fifth Circuit

**F I L E D**

October 8, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-51253

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

v.

ERASMO GUTIERREZ-GONZALES, also known as Erasmo Gonzalez, also
known as Erasmo Lopez Gonzalez,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
SA-01-CR-42-ALL
--------------------

Before BENAVIDES, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Defendant-Appellant, Erasmo Gutierrez-Gonzales ("Gonzales"),
appeals from his conviction for being a previously deported alien
found in the United States without the permission of the Attorney
General, after having been earlier convicted of an aggravated
felony and removed from the country, in violation of 8 U.S.C. §§
1326(a) and 1326(b)(2).

---

    [*]    Pursuant to 5TH CIR. R. 47.5, the Court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

Gonzales raises three issues on appeal.  First, he contends that the government failed to offer sufficient evidence to prove beyond a reasonable doubt that Gonzales was knowingly and voluntarily in the United States, a requirement for conviction under 8 U.S.C. § 1326.  Second, Gonzales asserts that the district court abused its discretion when it admitted Gonzales' immigration file into evidence pursuant to the public records hearsay exception in Fed. R. Evid. 803(8).  Finally, in the alternative, Gonzales contends that if the district court properly admitted the hearsay evidence in question, then the introduction of that evidence violated his rights under the Confrontation Clause, in light of the Supreme Court's recent decision in *Crawford v. Washington*, 124 S. Ct. 1354 (2004).

Having reviewed the record and considered the briefs on appeal, we reject Gonzales' arguments.

With respect to Gonzales' appeal of his conviction, following a bench trial, we review the district court's finding of guilt to determine whether it is supported by "any substantial evidence, *i.e.*, evidence sufficient to justify the trial judge, as the trier of fact, in concluding beyond a reasonable doubt that the defendant is guilty."  *United States v. Serna-Villareal*, 352 F.3d 225, 234 (5th Cir. 2003); *United States v. Mathes*, 151 F.3d 251, 252 (5th Cir. 1998).  In so doing, we must view all the evidence in the light most favorable to the government and defer

to the district court's reasonable inferences.  *United States v. Turner*, 319 F.3d 716, 720-21 (5th Cir. 2003).

Having done so, we conclude that the evidence presented was sufficient to prove beyond a reasonable doubt that Gonzales was knowingly and voluntarily in the United States.  The fact that Gonzales was found away from the border was sufficient circumstantial evidence to allow the district court to infer that Gonzales' presence in the United States was voluntary.  *See United States v. Guzman-Ocampo*, 236 F.3d 233, 238-39 (5th Cir. 2000).  Moreover, Gonzales offered no evidence that he was in the United States mistakenly or against his will.  Therefore, the evidence presented by the government was sufficient to prove that Gonzales was in the United States knowingly and voluntarily.

With respect to Gonzales' appeal of the district court's decision to admit into evidence Gonzales' immigration file, we review the district court's decision to admit or exclude evidence for abuse of discretion, with a "heightened" review of evidentiary rulings in a criminal case.  *United States v. Gutierrez-Farias*, 294 F.3d 657, 662 (5th Cir. 2002).  Because this Court generally has upheld the admission of INS documents as public records under Fed. R. Evid. 803(8), we conclude that the district court did not abuse its discretion in admitting Gonzales' immigration file into evidence.  *See Renteria-Gonzales v. INS*, 322 F.3d 804, 817 & n.16 (5th Cir. 2002); *United States*

3

*v. Quezada*, 754 F.2d 1190, 1193-94 (5th Cir. 1985).

With respect to Gonzales' appeal of the district court's evidentiary ruling on Confrontation Clause grounds, we review *de novo* a claim that the introduction of evidence violated a defendant's rights under the Confrontation Clause. *United States v. Aguilar-Tamayo*, 300 F.3d 562, 564 (5th Cir. 2002).

In *Crawford v. Washington*, 124 S. Ct. 1354 (2004), the Supreme Court held that testimonial, out-of-court statements by witnesses are barred under the Confrontation Clause unless the witnesses are unavailable and the defendant had a prior opportunity to cross-examine them. *Crawford*, 124 S. Ct. at 1374. Although the Supreme Court declined to give a full definition of what "testimonial" statements are, specifically saving that question for another day, by its terms *Crawford*'s holding applies "to prior testimony at a preliminary hearing, before a grand jury, or at a former trial; and to police interrogations." *Id*. Because the items in Gonzales' immigration file are non-testimonial, the Confrontation Clause does not bar their admission. Moreover, the Supreme Court noted that business records are "statements that by their nature [a]re not testimonial" and therefore do not run afoul of *Crawford*. *Id.* at 1367. Accordingly, the district court properly relied on official, non-testimonial public records, admissible under the Federal Rules of Evidence, in determining that Gonzales was a

4

previously deported alien found in the United States without permission.

For the foregoing reasons, the opinion of the district court is AFFIRMED.