United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 10, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-50322
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OSCAR ENRIQUE RUEDA-RIVERA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas

_____

Before JOLLY, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:

Oscar Enrique Rueda-Rivera appeals his jury-trial conviction and sentence for being found in the United States following deportation and removal, without having obtained the consent of the Attorney General or the Secretary of the Department of Homeland Security. We AFFIRM, and write briefly to make clear that the Certificate of Nonexistence of Record ("CNR") was properly admitted into evidence to establish that the Government had not consented to the defendant's presence in the country.

Rueda-Rivera was charged with re-entering the United States after removal, without having obtained the consent of the Attorney General or the Secretary of the Department of Homeland Security. At trial, the Government presented evidence that Rueda-Rivera was an alien who had been removed from the United States in 2000, and that he had been found in the United States after his removal. As evidence that Rueda-Rivera did not have permission to re-enter the United States, the Government indicated that it would introduce a CNR. See United States v. Sanchez-Milam, 305 F.3d 310, 313 (5th Cir. 2002) (holding that CNR is sufficient to satisfy Government's burden of proving that Attorney General had not consented to application for re-entry). Rueda-Rivera objected, arguing that allowing the CNR and testimony relating thereto into evidence would violate his right to confrontation. He argued that he would not have an opportunity to cross-examine the author of the CNR. Furthermore, he contended that the CNR had not been in his alien-registration file when the criminal case was filed, and had been created only for the purposes of the criminal trial. The district court overruled the objection.

Border Patrol Agent Bendele identified the CNR and testified that it reflected that Rueda-Rivera had not received consent to re-enter the United States. The CNR was admitted into evidence, over Rueda-Rivera's renewed objection. The CNR was signed by Ruth E. Jones, who was identified as "the Chief in the Records Services

Branch, Office of Records, Headquarters, of the Immigration and Naturalization Service, United States Department of Justice." In the CNR, Jones declared that, pursuant to § 290(d) of the Immigration and Nationality Act and 8 C.F.R. § 1-3.7(d)(4), she was "authorized to certify the nonexistence in the records of the Service of an official file, document, or records pertaining to specified persons or subjects." The CNR reflected that the INS maintains centralized records relating to immigrant aliens who entered the United States on or after June 30, 1924, and to nonimmigrant aliens who entered on or after June 30, 1948. Additionally, the INS maintains a centralized index of all persons naturalized on or after September 27, 1906. Jones further declared that, "after a diligent search no evidence [was] found to exist in the records of the Immigration and Naturalization Service of the granting of permission for admission into the United States after deportation or exclusion relating to File No. A-72 209 927, Oscar Rueda Rivera ...."

Agent Bendele testified that the CNR reflected that a "records check was conducted" and showed that Rueda-Rivera had not received consent to re-enter the United States. On cross-examination, Bendele testified that he did not know what type of search Jones might have performed in preparing the CNR. He believed that she "check[ed] the computer immigration system," but he did not know what type of files or how many files Jones might have checked.

When asked whether he had "any idea" what Jones did to prepare the CNR, Bendele replied, "No, I don't."

The jury found Rueda-Rivera guilty, and the district court sentenced him to 33 months imprisonment and a three-year term of supervised release. Rueda-Rivera filed a timely notice of appeal.

II

Rueda-Rivera contends that the admission into evidence of the CNR violated his rights under the Confrontation Clause, and that 8 U.S.C. §§ 1326(b)(1) and (b)(2) are unconstitutional.

A

Rueda-Rivera relies on the Supreme Court's recent decision in Crawford v. Washington, 124 S.Ct. 1354 (2004). Our standard of review is de novo. United States v. Aguilar-Tamayo, 300 F.3d 562, 564 (5th Cir. 2002).

In Crawford, the Supreme Court held that testimonial, out-of-court statements by witnesses are barred under the Confrontation Clause unless the witnesses are unavailable and the defendant had a prior opportunity to cross-examine them. Crawford, 124 S.Ct. at 1374. The Supreme Court declined to give a full definition of what "testimonial" statements are, specifically reserving that question for another day. Id. However, the Court stated that "[w]hatever else the term covers, it applies at a minimum to prior testimony at a preliminary hearing, before a grand jury, or at a former trial; and to police interrogations." Id. The Court also gave two examples of "statements that by their nature were not testimonial"

4

-- business records and statements in furtherance of a conspiracy. Id. at 1367; see also id. at 1378 (Rehnquist, C.J., concurring in judgment) (noting that "the Court's analysis of 'testimony' excludes at least some hearsay exceptions, such as business records and official records").

In an unpublished opinion, we recently wrote that because the items in the defendant's immigration file were non-testimonial, the Confrontation Clause did not bar their admission. United States v. Gutierrez-Gonzales, No. 03-51253, p. 4 (5th Cir. Oct. 8, 2004) (unpublished). We likened an immigration file to business records and concluded that the file contained statements that by their nature were not testimonial. Id. Accordingly, we held that the introduction into evidence of the immigration file did not run afoul of Crawford and that the district court properly relied on official, non-testimonial public records admissible under the Federal Rules of Evidence, in determining that the defendant was a previously deported alien found in the United States without permission. Id. at 4-5. Although Gutierrez-Gonzales is an unpublished opinion and is not precedential, it is persuasive authority, see 5TH CIR. R. 47.5.4, and we adopt its reasoning and holding.

The CNR admitted into evidence in this case, reflecting the absence of a record that Rueda-Rivera had received consent to re-enter the United States, does not fall into the specific categories of testimonial statements referred to in Crawford. We decline to

extend <u>Crawford</u> to reach such a document.  We therefore hold that the district court properly admitted the CNR into evidence.

B

Rueda-Rivera argues that 8 U.S.C. §§ 1326(b)(1) and (b)(2) are unconstitutional in the light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), because the fact of his prior conviction is an element of the offense, rather than a sentencing enhancement.  As Rueda-Rivera acknowledges, this argument is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998).  <u>See</u> <u>United States v. Rivera</u>, 265 F.3d 310, 312 (5th Cir. 2001) ("<u>Apprendi</u> did not overrule <u>Almendarez-Torres</u>."); <u>Apprendi</u>, 530 U.S. at 489-90.

III

For the foregoing reasons, the judgment of the district court is

AFFIRMED.