**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4378

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAVIER ENRIQUE MENDOZA-ORELLANA,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  N. Carlton Tilley, Jr., Chief District Judge.  (CR-03-309)

Submitted:  April 27, 2005          Decided:  June 3, 2005

Before LUTTIG, MOTZ, and GREGORY, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Sue Genrich Berry, BOWEN, BERRY AND POWERS, P.L.L.C., Wilmington, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Angela H. Miller, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Javier Enrique Mendoza-Orellana appeals from his judgment of conviction and sentence, based on a jury verdict finding him guilty of transporting an illegal alien within the United States, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii), (B) (ii) (2000). Mendoza-Orellana appeals his conviction, alleging that the district court plainly erred in admitting a Certificate of Nonexistence of Record ("CNR") allegedly in violation of Mendoza-Orellana's confrontation clause rights. He also alleges plain error relative to his sentence under United States v. Booker, 125 S. Ct. 738 (2005), when the district court enhanced his sentence pursuant to U.S. Sentencing Guidelines Manual § 2L1.1(b)(2)(A) (2003) (three levels), and USSG § 3C1.1 (two levels). In accordance with our discussion below, we affirm Mendoza-Orellana's conviction, but vacate his sentence and remand to the district court for resentencing.

Mendoza-Orellana first challenges the district court's admission of evidence regarding the immigration status of Claudia Rodriguez-Beron, Cesar Augusto Bautista-Cornejo, Cesar Humberto Suarez-Salinas, William Fernandez, Fabricio Froes-Santos, and Joel Salvo DaSilva. Given defense counsel's failure to object to the introduction of this evidence in the district court, we review this issue for plain error. United States v. Olano, 507 U.S. 725, 731-32 (1993). Mendoza-Orellana specifically challenges the

Government's introduction of a "CNR" (Exhibit 4A), bearing the seal of a United States agency, through Agent Chandler. This CNR reflected that Ms. Rodriguez-Beron held an illegal alien status at the time of Mendoza-Orellana's offense. In addition, later in his testimony, Agent Chandler testified that he and another agent interviewed other individuals, and that he determined that the other five individuals transported by Mendoza-Orellana likewise were present illegally in the United States on July 23, 2003. Mendoza-Orellana contends that Exhibit 4A was testimonial hearsay introduced in violation of his Sixth Amendment right to confrontation, as was Agent Chandler's testimony as to the status of the other individuals, some of whom he did not personally interview. The underlying basis for Mendoza-Orellana's objection is Crawford v. Washington, 541 U.S. 36 (2004).

Here, while the district court did not admit the CNR as a business record, the record was admitted as a self-authenticating public record based upon Fed. R. Evid. 803(10) and 902. As such, we find that it should not be considered testimonial hearsay under Crawford. Id. at 56, 76; see also United States v. Rueda-Rivera, ___ F.3d ___, 2005 WL 39763 (5th Cir. 2005) (admission of CNR not violative of Confrontation Clause, CNR is official, non-testimonial public record admissible under the Federal Rules of Evidence, and CNR admission not included in testimonial documents barred by Crawford). Moreover, given the other evidence of Ms. Rodriguez-

Beron's illegal status, we find that Mendoza-Orellana cannot show prejudice in the admission of the record. Finding no plain error in the district court's admission of the CNR, we affirm Mendoza-Orellana's conviction.[1]

Next, Mendoza-Orellana claims error in the district court's enhancement of his sentence. Specifically, in determining the applicable sentencing range under the sentencing guidelines, the probation officer calculated a base offense level of twelve, and then applied a three level enhancement of Mendoza-Orellana's base offense level for transporting six or more unlawful aliens, pursuant to USSG § 2L1.1(b)(2)(A). The district court adopted this enhancement, and then further enhanced Mendoza-Orellana's sentence by two levels for giving false testimony concerning a material matter, pursuant to USSG § 3C1.1. In full accordance with the law and procedure in effect at the time of sentencing, the district court applied the guidelines as a mandatory determinant in sentencing, and sentenced Mendoza-Orellana based on judicially-determined facts found by a preponderance of the evidence, rather than facts found by the jury beyond a reasonable doubt. Ultimately, the district court sentenced Mendoza-Orellana to

---

[1]Mendoza-Orellana's challenge to Agent Chandler's testimony as to the immigration status of the other individuals is a sentencing issue that relates to the three-level enhancement by the district court of Mendoza-Orellana's base offense level pursuant to USSG § 2L1.1(b)(2)(A), and is addressed in our discussion regarding his sentence.

twenty-seven months' imprisonment and three years of supervised release.

On appeal, Mendoza-Orellana contends that the application of the enhancements, which increased his range of imprisonment under the guidelines, constitute plain error under the Supreme Court's decisions in <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004), <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), and this court's decision in <u>United States v. Hughes</u>, 401 F.3d 540 (4th Cir. 2005), because it was based upon facts not found by the jury beyond a reasonable doubt. In <u>Booker</u>, the Supreme Court applied the <u>Blakely</u> decision to the federal sentencing guidelines and concluded that the Sixth Amendment is violated when a district court imposes a sentence under the sentencing guidelines that is greater than a sentence based solely upon facts found by the jury. <u>Booker</u>, 125 S. Ct. at 752-56. The Court remedied the constitutional violation by severing two statutory provisions, 18 U.S.C. § 3553(b)(1) (West Supp. 2004) (requiring sentencing court to impose a sentence within the applicable guideline range), and 18 U.S.C.A. § 3742(e) (West 2000 & Supp. 2004) (setting forth appellate standards of review for guideline issues), thereby making the guidelines advisory. <u>Hughes</u>, 401 F.3d at 546 (citing <u>Booker</u>, 125 S. Ct. at 757 (Breyer, J., opinion of the Court)).

After <u>Booker</u>, courts must calculate the appropriate guideline range, consider the range in conjunction with other

relevant factors under the guidelines and 18 U.S.C.A. § 3553(a), and impose a sentence. If a court imposes a sentence outside the guideline range, the district court must state its reasons for doing so. Hughes, 401 F.3d at 546. This remedial scheme applies to any sentence imposed under the mandatory sentencing guidelines, regardless of whether or not the sentence violates the Sixth Amendment. Id. at 547 (citing Booker, 125 S. Ct. at 769 (Breyer, J., opinion of the Court)).

In this case, as in Hughes, the district court sentenced Mendoza-Orellana by applying the guidelines as a mandatory determinant in sentencing and based upon facts not authorized by the jury's findings. In light of the change in the law, we conclude that the district court erred in determining Mendoza-Orellana's sentence, that the error was plain and affected Mendoza-Orellana's substantial rights, and that we should exercise our discretion to notice the error. We therefore vacate Mendoza-Orellana's sentence and remand for resentencing.[2]

---

[2]Although the sentencing guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767. On remand, the district court should first determine the appropriate sentencing range under the guidelines, making all factual findings appropriate for that determination. Hughes, 401 F.3d at 546. The court should consider this sentencing range along with the other factors described in 18 U.S.C. § 3553(a), and then impose a sentence. Id. If that sentence falls outside the guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C. § 3553(c)(2). Id. The sentence must be 'within the statutorily prescribed range and . . . reasonable.' Id. at 547.

Accordingly, although we affirm Mendoza-Orellana's conviction, we vacate his sentence and remand to the district court for resentencing in accordance with Booker and Hughes.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART, AND REMANDED