United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 7, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40028
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ABEL DE JESUS GONZALEZ RAMIREZ,
also known as Ruben Contreras-Lopez,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-361-ALL
--------------------

Before REAVLEY, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Abel De Jesus Gonzalez Ramirez, a/k/a Ruben Contreras-Lopez("Ramirez"), appeals his jury-trial conviction for being unlawfully present in the United States after deportation in violation of 8 U.S.C. § 1326. The district court sentenced Ramirez to 63 months of imprisonment, followed by three years of supervised release.

Ramirez argues that the Government offered insufficient evidence that he had not received consent from the Secretary of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Homeland Security, specifically, to return to the United States.
It is unlawful for an alien who had previously been removed to be
in the United States "unless (A) prior to his reembarkation at a
place outside the United States or his application for admission
from foreign contiguous territory, the Attorney General has
expressly consented to such alien's reapplying for admission."
8 U.S.C. § 1326(a)(1). The authority to grant such consent has
been transferred to the Secretary of Homeland Security. See
6 U.S.C. §§ 202, 251.

The Government offered the testimony of a Customs and Border
Protection agent who testified that Ramirez's alien file ("A-
file") would have indicated if he had applied for consent to
reenter or if such consent had been granted by Secretary of
Homeland Security or the Attorney General but that there was no
record of either in the file. Other CBP agents testified to the
type of computer records check conducted on the day of Ramirez's
arrest, none of which indicated that Ramirez had been granted
consent to reenter. Furthermore, there was testimony that
Ramirez had admitted illegally reentering the United States.

Based on the evidence presented at trial, a reasonable jury
could infer that if either the Secretary of Homeland Security or
the Attorney General had approved Ramirez's application,
notification of the approval would have been contained in his A-
file. See United States v. Sanchez-Milam, 305 F.3d 310, 312-13
(5th Cir. 2002). We have held that a that a certificate of

nonexistence of record, 8 U.S.C. § 1360(d), is sufficient to satisfy Government's burden of proving that the Attorney General had not consented to an application for reentry. Id. at 313. However, we have not held that such a certificate is required for the Government to meet its burden of proof. Ramirez's argument that the search was not diligent because it was conducted using only his alias is not persuasive because the testimony shows that immigration files are matched using fingerprints and other identifiers. Thus, whatever name Ramirez was using or under which a search may have been conducted is irrelevant. Viewing the evidence in the light most favorable to the prosecution and accepting the reasonable inferences which support the verdict, we find that sufficient evidence was presented to the jury for it to reasonably conclude that no consent had been granted to Ramirez to reenter the country. See United States v. Brugman, 364 F.3d 613, 615 (5th Cir. 2004) (stating standard of review).

We review de novo Ramirez's second argument, that the use at trial of two warrants of deportation, which he contends are "testimonial" statements, violated his rights under the Confrontation Clause. See United States v. Rueda-Rivera, 396 F.3d 678, 680 (5th Cir. 2005). In Crawford v. Washington, 541 U.S. 36, 51 (2004), the Supreme Court held that testimonial, out-of-court statements by witnesses are barred under the Confrontation Clause unless the witnesses are unavailable and the defendant had a prior opportunity to cross-examine them. See

U.S. CONST. AMEND. VI. Testimonial statements include "prior testimony at a preliminary hearing, before a grand jury, or at a former trial," and "police interrogations"; nontestimonial statements include "business records or statements in furtherance of a conspiracy." 541 U.S. at 56; see id. at 76 (Rehnquist, C.J. concurring) (noting that "the Court's analysis of 'testimony' excludes at least some hearsay exceptions, such as business records and official records").

A warrant of deportation is a document held in an alien's immigration file which shows that an individual has been deported and is signed by an official who witnessed that individual departing the United States. In Rueda-Rivera, 396 F.3d at 680, we stated generally that documents in a defendant's immigration file are analogous to nontestimonial business records. In United States v. Quezada, 754 F.2d 1190, 1193 (5th Cir. 1985), we held that a warrant of deportation contained in an alien's INS file was properly admitted under Federal Rule of Evidence Rule 803(8)(B). We determined that Rule 803(8)(B) prohibited the use at trial of hearsay regarding observations by law enforcement officers at the scene of a crime or in the course of investigating a crime but did not apply to "recording routine, objective observations, made as part of the everyday function of the preparing official or agency[.]" Quezada, 754 F.2d at 1194. We concluded that the warrant of deportation was reliable and admissible because the official preparing the warrant had no

motivation to do anything other than "mechanically register an unambiguous factual matter."[**]  Id.  This type of document falls squarely within the Supreme Court's examples of nontestimonial statements.  See Crawford, 541 U.S. at 56; see also United States v. Bahena-Cardenas, 411 F.3d 1067, 1074-75 (9th Cir. 2005) (reaching same conclusion).  Accordingly, the admission of the warrants of deportation at Ramirez's trial did not violate his rights under the Confrontation Clause.

The judgment of conviction is AFFIRMED.

---

[**] For these same reasons, the Ninth Circuit found that a warrant of deportation is nontestimonial under Crawford because "because it was not made in anticipation of litigation, and because it is simply a routine, objective, cataloging of an unambiguous factual matter." United States v. Bahena-Cardenas, 411 F.3d 1067, 1074-75 (9th Cir. 2005).