United States Court of Appeals
Fifth Circuit

**F I L E D**

April 12, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-50330
Conference Calendar

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

JOSE EDUARDO AGUILERA-TORRES,

                                    Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:04-CR-1305-ALL
--------------------

Before JONES, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

PER CURIAM:[*]

      Jose Eduardo Aguilera-Torres appeals his jury-trial

conviction for reentering the United States after removal,

without having obtained the consent of the Attorney General and

the Secretary of the Department of Homeland Security.  Aguilera-

Torres contends that the introduction into evidence of a

Certificate of Nonexistence of Record (CNR), which showed that he

had not been granted permission to reenter the United States,

violated his rights under the Confrontation Clause in light of

the Supreme Court's decision in Crawford v. Washington, 541 U.S.

---

      [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

36 (2004). Aguilera-Torres concedes that his argument is foreclosed by United States v. Rueda-Rivera, 396 F.3d 678 (5th Cir. 2005), but raises it to preserve it for possible Supreme Court review.

In Rueda-Rivera, 396 F.3d at 680, the court rejected the same argument made by Aguilera-Torres. The court determined that admitting a CNR into evidence does not violate the Confrontation Clause because a CNR "does not fall into the specific categories of testimonial statements referred to in Crawford." Id. Accordingly, Aguilera-Torres's argument is foreclosed. His conviction is therefore AFFIRMED.