**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**July 27, 2007**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-61006
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

BRYAN MICHAEL BEETS

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:05-CR-13-1

Before WIENER, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Bryan Michael Beets was convicted by a jury of making a fraudulent claim against the United States, in violation of 18 U.S.C. § 287. The district court sentenced Beets to 24 months of imprisonment and a three-year term of supervised release. The district court also ordered Beets to pay $100 as a special assessment and $3,854 in restitution.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Beets insists that the district court abused its discretion when it admitted evidence of his subsequent application to the American Red Cross (ARC) for benefits. Beets received reasonable notice of the government's intention to introduce the evidence. See United States v. Tomblin, 46 F.3d 1369, 1388 n.50 (5th Cir. 1995). The extrinsic evidence was relevant to Beets's knowledge that he used a fraudulent address to receive disaster benefits from the Federal Emergency Management Agency (FEMA). That evidence also demonstrated an absence of mistake. See United States v. Duffaut, 314 F.3d 203, 209 (5th Cir. 2002). Beets's subsequent conduct was strikingly similar to his offense conduct and occurred only one month after his application to FEMA. See United States v. Chavez, 119 F.3d 342, 346-47 (5th Cir. 1997). Moreover, any prejudice resulting from the admission of the evidence was mitigated by the district court's limiting instruction. United States v. Broussard, 80 F.3d 1025, 1040 (5th Cir. 1996). Lastly, even if the extrinsic evidence was not relevant to an issue other than Beets's character, the other evidence against Beets was amply sufficient to support his conviction. The district court's decision to admit the evidence was not an abuse of discretion. See United States v. Beechum, 582 F.2d 898, 911 (1978) (en banc).

Beets also alleges that the government's failure to have an ARC employee testify about the ARC application violated Crawford v. Washington, 541 U.S. 36 (2004) and deprived Beets of his rights under the Confrontation Clause. He asserts that the witness offered by the government was unable to testify whether Beets's ARC application represented a fraud, so Beets was unable to establish whether his application complied with ARC eligibility rules under the circumstances. As the government proffered no testimonial hearsay statements by the non-testifying witness, however, Beets was not denied his confrontation rights. Furthermore, the admission of Beets's ARC application was permissible, because it was a non-testimonial document admitted under the business records

exception to the hearsay rule.  See FED. R. EVID. 803(6); United States v. Rueda-Rivera, 396 F.3d 678, 680 (5th Cir. 2005).

Beets further asserts that the district court erred by denying his motions for mistrial, which, he argues, were justified in light of improper witness testimony and prejudicial remarks made by the prosecution during closing arguments.  There is not a significant possibility, however, that the witness testimony or the prosecutor's comments had a substantial effect on the jury's reaching its verdict, given the other, overwhelming evidence of Beets's guilt.  The district court did not abuse its discretion in denying Beets's motions for mistrial.  See United States v. Sotelo, 97 F.3d 782, 798 (5th Cir. 1996);  United States v. Iredia, 866 F.2d 114, 117 (5th Cir. 1989).

Finally, Beets contends that his sentence, for which the district court deviated above the advisory guideline range of imprisonment, is unreasonable.  The district court considered the applicable guideline range and decided to exceed that range based on the court's consideration of individualized and proper 18 U.S.C. § 3553(a) factors, including the nature and circumstances of the instant offense, Beets's history and characteristics, the need to promote respect for the law, and the need to protect the public from the commission of further crimes by this defendant.  See United States v. Smith, 440 F.3d 704, 707-09 (5th Cir. 2006).  As the district court committed no legal error in the sentencing procedure, we give the sentence imposed great deference.  Id. at 710.  The sentencing court's findings in support of the upward variance sufficiently demonstrate that the sentence is reasonable under § 3553.  Id.

Beets's conviction and sentence are,
AFFIRMED.