# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 26, 2013

Lyle W. Cayce
Clerk

No. 12-40292
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARTIN SANCHEZ-ALANIZ, also known as Martin Sanchez-Alanis,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:11-CR-961-1

Before BENAVIDES, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Following a jury trial, Martin Sanchez-Alaniz was convicted of illegal reentry into the United States, and he received a within-guidelines sentence of 108 months in prison and a three-year term of supervised release. In this appeal, he first argues that his Confrontation Clause rights were infringed by the introduction of the I-205 and I-294 forms in his A-file and that the remaining evidence is insufficient to uphold his conviction. He acknowledges our prior caselaw holding that admission of items such as I-205 and I-294 forms does not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

implicate the Confrontation Clause, *see United States v. Becerra-Valadez,* 448 F. App'x. 457, 461 (5th Cir. 2011), but argues that this jurisprudence was undermined by *Michigan v. Bryant*, 131 S. Ct. 1143 (2011), and *Bullcoming v. New Mexico*, 131 S. Ct. 2705 (2011).

We conduct a de novo review of the issue whether the admission of evidence violated the Confrontation Clause, and any Confrontation Clause violations that are discovered are reviewed for harmless error. *United States v. Morgan*, 505 F.3d 332, 338 (5th Cir. 2007). The improper admission of cumulative evidence is harmless error. *United States v. El-Mezain*, 664 F.3d 467, 526 (5th Cir. 2011), *cert. denied*, 133 S. Ct. 525 (2012).

The items challenged in this appeal are not witness statements, they do not pertain to testing, and they were not created for evidentiary purposes. Rather, these "official court document[s]" were created in the course of immigration proceedings, and, for Confrontation Clause purposes, "[i]t is of no moment that an incidental or secondary use of those documents . . . actually furthered a prosecution." *Becerra-Valadez*k, 448 F. App'x at 462. Consequently, the instant case is materially distinguishable from *Bryant* and *Bullcoming*.

Additionally, even if Sanchez-Alaniz had shown a Confrontation Clause violation, then he still would not receive relief. This is because evidence other than the disputed items showed that Sanchez-Alaniz is a Mexican citizen who had previously been deported from this country and who reentered it and remained in it without authorization. *See* 8 U.S.C. § 1326(a); *United States v. Flores-Peraza*, 58 F.3d 164, 166 (5th Cir. 1995). Sanchez-Alaniz admitted to all elements of the offense during his testimony and in sworn statements. In light of this evidence, any error that occurred in admitting the disputed items is harmless. *See El-Mezain*, 664 F.3d at 526. This same evidence also suffices to permit a reasonable juror to conclude "that the evidence established [Sanchez-Alaniz]'s guilt beyond a reasonable doubt." *United States v. Jaramillo*, 42 F.3d

920, 922-23 (5th Cir. 1995). Sanchez-Alaniz's Confrontation Clause argument and his related challenge to the sufficiency of the evidence are unavailing.

Sanchez-Alaniz also challenges his sentence. As he concedes, his empirical data argument is foreclosed by precedent. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 360, 366-67 (5th Cir. 2009). Insofar as he argues that the district court abused its discretion by denying his request for a continuance so that he could obtain medical records, our review of the record reveals no such error because the district court credited counsel's assertions concerning Sanchez-Alaniz's medical condition, and there is no indication that the proceedings would have ended differently if the continuance had been granted. Consequently, Sanchez-Alaniz has not established "that the denial resulted in specific and compelling or serious prejudice." *United States v. Barnett*, 197 F.3d 138, 144 (5th Cir. 1999) (internal quotation marks and citation omitted).

Finally, Sanchez-Alaniz's contention that his sentence was substantively unreasonable because the district court failed to properly account for his migraine headaches and cultural assimilation lacks merit. A review of the district court's lengthy remarks at sentencing show that it considered these factors but did not believe that they should be weighted the same way that Sanchez-Alaniz thought they should. This same review reveals nothing to show that the sentence imposed "represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). Sanchez-Alaniz's arguments on this issue amount to no more than a disagreement with the propriety of the sentence, which is insufficient to show error. *See United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008).

AFFIRMED.