**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 3, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

OSCAR PROVENCIO-SANDOVAL,

Defendant - Appellant.

No. 07-2119

(D. New Mexico)

(D.C. No. CR-06-2263-LH)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **EBEL**, and **TYMKOVICH**, Circuit Judges.

Oscar Provencio-Sandoval was convicted by a jury in the United States

District Court for the District of New Mexico of illegal reentry following a

conviction for an aggravated felony. *See* 8 U.S.C. § 1326(a), (b). The sole issue

on appeal is whether the district court violated his constitutional right to confront

the witnesses against him when it allowed the government to introduce a

"Certificate of Nonexistence of Record" (CNR) to prove that he lacked

permission to reenter the United States. We have jurisdiction under 28 U.S.C.

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

§ 1291.  We affirm because the district court did not plainly err by admitting the CNR.

## I.  BACKGROUND

Mr. Provencio-Sandoval was deported in 1999 after being convicted of an aggravated felony.  On July 8, 2006, he was taken into custody in Las Cruces by U.S. Immigration and Customs Enforcement (ICE).  He was tried on January 23, 2007.  To establish that he violated § 1326(a), the government had to prove that (1) he is an alien, (2) who was arrested and deported, (3) who was thereafter found voluntarily and knowingly in the United States, and (4) who did not have the consent of the Attorney General or the Secretary for Homeland Security to reapply for admission into the United States.  *See United States v. Martinez-Morel*, 118 F.3d 710, 712–13 (10th Cir. 1997); *United States v. Rios-Zamora*, 153 F. App'x 517, 520–21 (10th Cir. 2005) (unpublished) (explaining roles of Attorney General and Secretary of Homeland Security regarding consent for reapplication for admission).

The government offered the CNR at trial to prove the fourth element, that is, that Mr. Provencio-Sandoval had not received permission to reapply for admission into the United States.   The CNR for Mr. Provencio-Sandoval was signed by Mike Quinn, the Chief of the Records Service Branch at U. S. Citizenship and Immigration Services.  It stated in part:

> I, or an agency employee acting at my direction, performed a search for records relating to the subject identified below. Specifically, this office searched the Deportable Alien Control System . . . ; Computer Link Application Management System . . . ; and the Central Index System . . . .
>
> [A]fter a diligent search was performed in these databases, no record was found to exist indicating that the subject listed below obtained consent at any time prior to March 1, 2003, from the Attorney General or at any time after February 28, 2003, from the Secretary of Homeland Security, for readmission into the United States in accordance with [applicable law].

R. Vol. III at 65. Mr. Provencio-Sandoval objected to the CNR for lack of foundation, because no witness had explained how the record search had been conducted. He did not object on any other ground. In particular, he did not argue that admitting the CNR violated his right to confrontation. The CNR was admitted.

An ICE group supervisor, Robert Godshall, later testified. He described the three databases that are searched to produce a CNR, and testified that immediately before trial he had searched two of these databases personally and watched another agent search the third. These searches confirmed that there were no records indicating that Mr. Provencio-Sandoval had permission to reenter the country or had even applied for permission. Agent Godshall also testified that Mr. Provencio-Sandoval was ineligible for permission to reenter the country, even if he were to request permission.

## II.   ANALYSIS

Mr. Provencio-Sandoval argues in his appellate brief that (1) the CNR should not have been admitted under Federal Rule of Evidence 803(10); (2) the CNR lacked foundation because no one familiar with the government's record-keeping system described how the records were created or searched; and (3) admission of the CNR violated his rights under the Confrontation Clause.  At oral argument, however, he abandoned the first two arguments.  Because Mr. Provencio-Sandoval did not raise the Confrontation Clause in district court, we limit our review to plain error.  *See United States v. Geiner*, 498 F.3d 1104, 1113 (10th Cir. 2007).  "Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings."  *United States v. Gonzalez-Huerta*, 403 F.3d 727, 732 (10th Cir. 2005) (en banc) (internal quotation marks omitted).

To establish plain error, Mr. Provencio-Sandoval must satisfy all four requirements.  We conclude that he has failed to satisfy the second requirement, so we need not address the others.

An error is "plain" or "obvious" under the second requirement if it is "clear under current law."  *See United States v. Teague*, 443 F.3d 1310, 1319 (10th Cir. 2006) (internal quotation marks omitted).  We have held that a proposition is not "clear under current law" if  "neither the Supreme Court nor the Tenth Circuit has

ruled on the subject . . . [and] the authority in other circuits is split." *Id.* Of course, if outside authority is unanimous in one direction, the contrary view cannot be "clear under current law." *See United States v. Johnson*, 183 F.3d 1175, 1179 (10th Cir. 1999) (alleged error is not plain if the only court to address the issue held that there was no error).

On the issue before us, there is no Supreme Court or Tenth Circuit precedent. And all other circuits that have considered the matter have ruled that admitting CNRs does not violate the Confrontation Clause as interpreted in *Crawford v. Washington*, 541 U.S. 36 (2004). *See United States v. Urqhart*, 469 F.3d 745, 749 (8th Cir. 2006); *United States v. Cervantes-Flores*, 421 F.3d 825, 832–33 (9th Cir. 2005); *United States v. Rueda-Rivera*, 396 F.3d 678, 680 (5th Cir. 2005); *cf. United States v. Salinas-Valenciano*, 220 F. App'x 879, 882–85 (10th Cir. 2007) (unpublished) (questioning, but not deciding, whether admitting a CNR violates the Confrontation Clause); *United States v. Earle*, 488 F.3d 537, 545 (1st Cir. 2007) (declining to decide whether admitting CNR violates Confrontation Clause). *But see Melendez-Diaz v. Massachusetts*, No. 07-591, 2008 WL 695627 (S. Ct. Mar. 17, 2008) (granting petition for certiorari on "[w]hether a state forensic analyst's laboratory report prepared for use in a criminal prosecution is 'testimonial' evidence subject to the demands of the Confrontation Clause as set forth in *Crawford v. Washington*, 541 U.S. 36

(2004)," *Melendez-Diaz v. Massachusetts*, No. 07-591, 2007 WL 3252033, at \*i

(S. Ct. Oct. 26, 2007) (petition for certiorari)).

We AFFIRM the judgment below.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge