In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 06-4091

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

FRANKLIN BURGOS, also known as
FRANKLIN BURGOS-MARTINEZ,
also known as ALFREDO DE JESUS,
also known as RICHARD LEBRON,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 05 CR 241—**Charles N. Clevert, Jr.**, *Judge.*

_____

ARGUED SEPTEMBER 26, 2007—DECIDED AUGUST 22, 2008

_____

Before MANION, EVANS, and SYKES, *Circuit Judges.*

SYKES, *Circuit Judge.* This is an appeal from a conviction for illegal reentry into the United States following deportation. *See* 8 U.S.C. § 1326. It presents the question, under the Sixth Amendment's Confrontation Clause,

whether the government may use at trial the contents of the defendant's alien-registration file (his "A-file")—specifically, a warrant of deportation and a "certificate of nonexistence of record"—to prove its case. We conclude that these A-file records are nontestimonial business records not subject to the requirements of the Confrontation Clause under *Crawford v. Washington*, 541 U.S. 36 (2004), and *Davis v. Washington*, 547 U.S. 813 (2006).

We are also asked to review the district court's denial of defendant Franklin Burgos's request for new counsel. That request came on the morning of trial, and Burgos had already received one substitution of appointed counsel. The district judge patiently questioned Burgos about the matter, noted the prior substitution of counsel and the court's readiness to proceed, and permitted a lengthy recess for counsel and client to confer. The judge then carefully explained Burgos's plea and trial options, and Burgos eventually waived the jury and proceeded to a court trial, represented by his then-present counsel. Whether this was an implicit withdrawal of the request for new counsel or an implicit denial of it, we see no abuse of discretion by the court and affirm Burgos's conviction.

## I. Background

Milwaukee police arrested Franklin Burgos in 2005 and reported him to federal authorities when they suspected that his presence in this country, as a previously deported alien, was unlawful. Burgos is a native and citizen of the Dominican Republic who had once resided lawfully in

this country as a resident alien. But he acquired two criminal convictions—one for burglary in New York and another for possession of cocaine with intent to deliver in New Jersey—and thus relinquished the privilege of remaining here. Burgos was deported in 1995 after serving his sentences for these crimes, and when he attempted to reenter the country illegally through California, he was deported again in 1998. At some point thereafter he returned. His arrest in Milwaukee in 2005 was the genesis of this prosecution.

Burgos was charged in a one-count indictment with illegal reentry as an aggravated felon in violation of 8 U.S.C. § 1326(a) and (b). His first appointed counsel moved to withdraw, citing communication problems with his client. Judge Clevert granted this motion. On the morning of trial, Burgos's second appointed counsel announced that Burgos wanted a new lawyer. The judge asked Burgos and his counsel to explain the reason for the request, and then advised Burgos that his present counsel "is your second attorney in this case, and we are prepared to go forward with the jury trial today." The judge said he would ask an attorney on the staff of the Federal Defender to confer with Burgos and his counsel about "the matters that seem to be troubling you at this time." A recess was taken for that purpose, and when court reconvened an hour and a half later, Burgos's attorney advised the court that Burgos would prefer new counsel and an adjournment, but if the court decided that the trial would proceed that day, "Mr. Burgos is accepting that and wants me here as counsel." Judge Clevert then questioned Burgos and at length explained his options to

plead guilty or proceed with a jury or court trial. After a brief conference between Burgos and his counsel, Burgos opted for a court trial and entered a jury waiver.

To convict, the government was required to prove three facts: that Burgos was an alien; that he was deported; and that he reentered the country without permission from the Attorney General. The latter two requirements were proved during the court trial by two documents from Burgos's A-file: a warrant of deportation, which attested to the fact of his prior deportations, and a "certificate of nonexistence of record" (a "CNR"), which certified that Burgos's file contained no record that the Attorney General had granted permission for Burgos to return to this country. Burgos stipulated to his prior convictions and also that he did not have consent from the Attorney General to reenter the United States. He objected to admission of the two documents from his A-file, but in light of his stipulation that he did not have consent to reenter, later agreed to the admission of the CNR. The district court found Burgos guilty and imposed a below-guidelines sentence of 57 months.

## II. Discussion

### A. Confrontation Clause Challenge to Admission of A-file Contents

On appeal Burgos renews his challenge to the admission of the warrant of deportation and CNR from his A-file.[1] We

---

[1] We note, however, that Burgos apparently waived the

(continued…)

review evidentiary rulings implicating a defendant's Sixth Amendment right to confrontation de novo. *United States v. Ellis*, 460 F.3d 920, 923 (7th Cir. 2006).

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." As the Supreme Court explained in *Crawford*, the Confrontation Clause bars "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination." 541 U.S. at 53-54. The critical inquiry is whether the statements in question are "testimonial"—because, as the Court held, it is only that type of statement that makes a declarant a "witness" under the Confrontation Clause. *Id.* at 51. "It is the testimonial character of the statement that separates it from other hearsay that, while subject to traditional limitations upon hearsay evidence, is not subject to the Confrontation Clause." *Davis*, 547 U.S. at 821.

*Crawford* did not attempt to provide a comprehensive definition of "testimonial statements," relying instead on the Framers' conception of the right to confront one's accusers that existed at common law and on their funda-

---

[1] (...continued)
argument regarding the admissibility of the CNR. Although he initially challenged the admission of the warrant of deportation *and* the CNR, he abandoned his challenge to the admission of the CNR after stipulating that he did not have consent to reenter the United States.

mental concern with the civil law's practice of ex parte examinations. *Crawford*, 541 U.S. at 51-52. The Court in *Crawford* held that "[w]here testimonial evidence is at issue . . . the Sixth Amendment demands what the common law required: unavailability and a prior opportunity for cross-examination," explaining that the term "testimonial" applies "at a minimum to prior testimony at a preliminary hearing, before a grand jury, or at a former trial; and to police interrogations." *Id.* at 68. The Court noted, however, that "[m]ost of the hearsay exceptions covered statements that by their nature were not testimonial—for example, business records or statements in furtherance of a conspiracy," *id.* at 56; these are not subject to the requirements of the Confrontation Clause but only to the evidentiary rules governing the admission of hearsay.

The Court clarified the definition of "testimonial" in *Davis.* There, the Court considered two cases, one involving a victim's statements to a 911 operator reporting an assault and identifying her former boyfriend as her assailant, and the other involving a victim's statements to the police after a domestic disturbance describing her husband's assaultive conduct during an argument. *Davis*, 547 U.S. at 817-21. The Court held that the statements made to the 911 operator during the ongoing emergency were nontestimonial, while the statements made to the police after the emergency had ceased were testimonial. *Id.* at 827-32. Without attempting to classify "all conceivable statements—or even all conceivable statements in response to police interrogation," the Court drew the following distinction: statements to police are nontestimonial "when

made in the course of police interrogation under circum-
stances objectively indicating that the primary purpose . . .
is to enable police assistance to meet an ongoing emer-
gency"; they are testimonial "when the circumstances
objectively indicate that there is no such ongoing emer-
gency, and that the primary purpose of the interrogation is
to establish or prove past events potentially relevant to
later criminal prosecution." *Id.* at 822.

In a different context we have noted *Crawford*'s reference
to business records as an example of hearsay statements
that are "by their nature" nontestimonial and therefore
not subject to the requirements of the Confrontation
Clause. *See Ellis*, 460 F.3d at 924. *Ellis* concerned the
admissibility of hospital laboratory records recording the
results of blood and urine tests. *Id.* at 922. *Ellis* analogized
to a line of case law from other circuits holding—also post-
*Crawford*—that an alien's CNR is a nontestimonial busi-
ness record.[2] *Id.* at 925-26.

---

[2] We have also suggested, in the context of crime laboratory
reports, that raw data from lab instruments are
nontestimonial under *Crawford* and *Davis*, while the *interpre-
tation of* those data could be testimonial. *United States v.
Moon*, 512 F.3d 359, 361-62 (7th Cir. 2008) (noting the Con-
frontation Clause issue but affirming the admission of the
lab report when it was received under Rule 703 of the
*Federal Rules of Evidence* through the testimony of an expert
who did not conduct the original lab tests). We note that
the Supreme Court will soon address the question of the
testimonial character of laboratory reports used in criminal
(continued...)

The consensus on this point has only grown stronger since our decision in *Ellis*. The reported cases from the other circuits that have considered the question are unanimous in holding that an alien's warrant of deportation *and* CNR are nontestimonial business records not subject to the requirements of the Confrontation Clause under *Crawford*. *See United States v. Torres-Villalobos*, 477 F.3d 978, 982-84 (8th Cir. 2007) (warrant of deportation); *United States v. García*, 452 F.3d 36, 41-42 (1st Cir. 2006) (same); *United States v. Valdez-Maltos*, 443 F.3d 910, 911 (5th Cir. 2006) (same); *United States v. Cantellano*, 430 F.3d 1142, 1144-46 (11th Cir. 2005) (same)*; United States v. Bahena-Cardenas*, 411 F.3d 1067, 1074-75 (9th Cir. 2005) (same). *And see United States v. Urqhart*, 469 F.3d 745, 748-49 (8th Cir. 2006) (CNR); *United States v. Cervantes-Flores*, 421 F.3d 825, 830-34 (9th Cir. 2005) (same)*; United States v. Rueda-Rivera*, 396 F.3d 678, 680 (5th Cir. 2005) (same).

We now conclude, in accord with this consensus, that an alien's warrant of deportation and CNR are nontestimonial business records not subject to the requirements of the Confrontation Clause under *Crawford* and *Davis.* These documents have many attributes in common with business records. A warrant of deportation records the movement of a deported alien; the signing witness

---

[2] (...continued)
prosecutions. It recently issued a writ of certiorari to consider whether a forensic analyst's laboratory report is testimonial under *Crawford*. *Melendez-Diaz v. Massachusetts*, 128 S. Ct. 1647 (2008).

attests to the alien's departure from the country. The warrant's primary purpose is to memorialize the deportation, not to prove facts in a potential future criminal prosecution.

Similarly, a CNR certifies that a government official searched the database of the Department of Homeland Security and failed to find any record permitting a deportee's return to this country. Although prepared in anticipation of trial, a CNR simply memorializes the contents of the Department database, maintained in the ordinary course of business—or, more particularly, the *absence* of a certain sort of record in that database. This, we noted in *Ellis*, was "too far removed from the examples of testimonial evidence provided by *Crawford*." 460 F.3d at 926. In other words, because the database underlying the CNR is not maintained for the primary purpose of proving facts in criminal prosecutions, the CNR itself, attesting to the absence of a record within that database, is a nontestimonial business record.[3]

---

[3] Burgos cites an unpublished decision of the Tenth Circuit, *United States v. Salinas-Valenciano*, 220 F. App'x 879 (10th Cir. 2007), but that decision does not deserve much weight. Although the court held that a CNR was testimonial, it did so by noting its reluctance to resolve the issue in the government's favor when the government offered no substantive argument to the contrary. In addition, the Tenth Circuit, in another unpublished decision, recently held that it was not plain error to admit a CNR over a Confrontation Clause challenge. *United States v. Provencio-Sandoval*, 272 F. App'x

(continued...)

**B. Denial of Substitute Counsel**

Burgos also contends the district court improperly denied his request for new appointed counsel. Before proceeding, we note that it is far from clear whether the district court actually denied this request or Burgos withdrew it. Judge Clevert discussed the matter at length with Burgos and his attorney and then called a recess for the two to talk it over in the presence of a lawyer from the Federal Defender's office. After this conference Burgos's counsel told the court that although Burgos would prefer to have new counsel appointed, if the court were inclined to proceed with the trial, Burgos "is accepting that and wants me here as counsel."

Regardless, the district court has substantial discretion on requests for substitute appointed counsel, and we review the court's decision only for an abuse of that discretion. *United States v. Zillges*, 978 F.2d 369, 371 (7th Cir. 1992). Three factors are relevant to this inquiry: (1) the timeliness of the motion; (2) the adequacy of the court's inquiry into the motion; and (3) the ability of the defendant and his counsel to communicate and to formulate a defense, despite the alleged conflict. *Id.* at 372. We will reverse only if we find "an unreasoning and

---

[3] (...continued) 683, 685 (10th Cir. 2008). The court said that it was not "clear under current law" that the use of CNRs violated the Confrontation Clause because all circuits considering the issue have decided that CNRs are nontestimonial. *Id.*

arbitrary insistence upon expeditiousness in the face of a justifiable request." *United States v. Carrera*, 259 F.3d 818, 825 (7th Cir. 2001) (internal quotation marks omitted).

We note first that Burgos's motion for new counsel was tardy; he waited until the morning of trial to raise the issue, having told the judge at a status conference only the week before that he would go to trial. Second, the district court's inquiry after being presented with the request was more than adequate. Judge Clevert took ample pains to try to understand the basis for Burgos's request and explain his rights to him. That the court had obliged an earlier request for a change of counsel, patiently listened to Burgos the second time around, and allowed a lengthy recess for consultation between attorney and client demonstrate that this was not an "unreasoning and arbitrary insistence on expeditiousness." Finally, Burgos and his counsel were able to communicate and formulate a defense. They conversed privately during the recess, and ultimately, Burgos's attorney provided an adequate defense to what was a straightforward case. The district court did not abuse its discretion in declining to adjourn the trial for the appointment of a third attorney.

AFFIRMED.