**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4838**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

RAFAEL OMAR VILLEGAS-MARTINEZ,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  James C. Cacheris, Senior District Judge.  (1:08-cr-00068-JCC-1)

Submitted: April 16, 2009          Decided: April 22, 2009

Before WILKINSON, NIEMEYER, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Aamra S. Ahmad, Assistant Federal Public Defender, Alexandria, Virginia, for Appellant.  Dana J. Boente, Acting United States Attorney, Stephen G. Yoder, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rafael Omar Villegas-Martinez appeals from his judgment of conviction and sentence, based on a jury verdict finding him guilty of illegal re-entry into the United States after deportation, in violation of 8 U.S.C. §§ 1326(a), (b) (2006). In his sole claim on appeal, Villegas-Martinez challenges the district court's admission of a warrant of deportation, claiming violation of his confrontation clause rights. We affirm.

Villegas-Martinez specifically challenges the Government's introduction, through Officer Day, of a warrant of deportation,[1] which document reflected that Villegas-Martinez held an illegal alien status at the time of his offense. The underlying basis for his objection is Crawford v. Washington, 541 U.S. 36 (2004). We review de novo the district court's admission of alleged Confrontation Clause violations. United States v. Abu Ali, 528 F.3d 210, 253 (4th Cir. 2008).

We find no error in the district court's admission of the warrant of deportation. The record was admitted as a self-authenticating public record, and hence is not considered to be testimonial hearsay under Crawford. Crawford, 541 U.S. at 56.

---

[1] Officer Day signed and executed the warrant.

2

See also United States v. Burgos, 539 F.3d 641, 644-45 (7th Cir. 2008) (collecting cases).[2]

Accordingly, we affirm Villegas-Martinez's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[2] In addition, Officer Day's presence as a trial witness subjected him to full cross-examination and satisfied any Confrontation Clause concerns, and Villegas-Martinez's complaints on appeal as to the unavailability at trial of another officer who actually witnessed Villegas-Martinez's departure and the failure of Officer Day to specifically testify as to the departure go to the credibility of the testimony of the testifying officer, which this court leaves to the jury to assess. See United States v. Lomax, 293 F.3d 701, 705 (4th Cir. 2002); United States v. Manbeck, 744 F.2d 360, 392 (4th Cir. 1984).