FILED
United States Court of Appeals
Tenth Circuit

June 10, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

OSCAR PROVENCIO-SANDOVAL,

Defendant - Appellant.

No. 10-2001
(D. New Mexico)
(D.C. No. 1:09-CV-00315-LH-LAM)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

Before **MURPHY**, **GORSUCH,** and **HOLMES**, Circuit Judges.

Petitioner, Oscar Provencio-Sandoval, seeks a certificate of appealability

("COA") so he can appeal the district court's denial of the motion to vacate, set

aside, or correct sentence he brought pursuant to 28 U.S.C. § 2255. *See* 28 U.S.C.

§ 2253(c)(1)(B) (providing a movant may not appeal the denial of a § 2255

motion unless he first obtains a COA).  In 2007, Provencio-Sandoval was

convicted by a jury of illegally reentering the United States following conviction

for an aggravated felony.  The aggravated felony was a 1995 Texas state

conviction for aggravated assault.  Provencio-Sandoval pursued one issue on

direct appeal: that his constitutional right to confront the witnesses against him

was violated. *United States v. Provencio-Sandoval*, 272 F. App'x 683, 684 (10th Cir. 2008). This court affirmed his conviction. *Id*. at 685.

Provencio-Sandoval filed his § 2255 motion on March 30, 2009. He asserted the following four claims for relief: (1) his attorney in the 1995 Texas case was ineffective for advising him to plead guilty; (2) he was improperly convicted of illegal reentry because he is a citizen of the United States and, thus, he should not have been deported in 1999; and (3) his base offense level should not have been increased by sixteen levels because his Texas conviction was not a crime of violence; and (4) his attorney provided ineffective assistance for failing to raise the foregoing three issues on direct appeal, failing to investigate those three issues, failing to file a notice of appeal, and filing an appellate brief without consulting him. The matter was referred to a magistrate judge who prepared a comprehensive report and recommendation.

The magistrate judge recommended denying Provencio-Sandoval's first claim because Provencio-Sandoval cannot use his § 2255 motion to collaterally challenge his 1995 Texas conviction. *See Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 403-04 (2001) ("[O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid."). The second and third claims were procedurally barred because they were not raised on

direct appeal and Provencio-Sandoval failed to show cause and prejudice for the default or demonstrate that a fundamental miscarriage of justice would result if the claims were not considered. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Finally, the magistrate judge recommended denying the fourth claim on the merits because Provencio-Sandoval failed to satisfy the two-part test set out in *Strickland v. Washington*, 466 U.S. 668, 688-89 (1984). After considering Provencio-Sandoval's timely objections to the magistrate's report, the district court adopted the magistrate judge's Proposed Findings and Recommended Disposition and dismissed the § 2255 motion with prejudice.

This court cannot grant Provencio-Sandoval a COA unless he is able to demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted); *see also id*. at 484-85 (holding that when a district court dismisses a habeas petition on procedural grounds, a petitioner is entitled to a COA only if he shows both that reasonable jurists would find it debatable whether he had stated a valid constitutional claim and debatable whether the district court's procedural ruling was correct). This court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003). Provencio-Sandoval is not required to

demonstrate his appeal will succeed to be entitled to a COA. He must, however, "prove something more than the absence of frivolity or the existence of mere good faith." *Id.* (quotations omitted).

This court has reviewed Provencio-Sandoval's appellate brief and application for COA, the Proposed Findings and Recommended Disposition, the district court's order, and the entire record on appeal pursuant to the framework set out by the Supreme Court and concludes Provencio-Sandoval is not entitled to a COA. The district court's resolution of Provencio-Sandoval's claims is not reasonably subject to debate and the claims are not adequate to deserve further proceedings. Accordingly, Provencio-Sandoval has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This court **denies** his request for a COA, **grants** the motion to *proceed in forma pauperis*, and **dismisses** this appeal.[1]

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge

---

[1]Because Provencio-Sandoval is scheduled to be released shortly, his Motion for Stay of Proceedings is **denied**. The Clerk is directed to forward one copy of this Order to Provencio-Sandoval at the address provided to the Clerk by Provencio-Sandoval, and a second copy to Provencio-Sandoval at the CI NE Ohio Correctional Center in Youngstown, Ohio.

-4-