**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted May 1, 2009
Decided May 1, 2009

**Before**

RICHARD A. POSNER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No.  08-2898

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee*,<br><br>v.<br><br>ROVEL FOUNTAIN,<br>*Defendant-Appellant*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 06-CR-817-1<br><br>Ronald A. Guzman,<br>*Judge*. |

**O R D E R**

Rovel Fountain was arrested after he sold 54.1 grams of crack to a confidential informant.  Fountain pleaded guilty without a plea agreement to conspiring to possess crack with the intent to distribute and was sentenced to 125 months in prison.  Fountain now appeals, but his newly-appointed lawyers have moved to withdraw because they cannot discern a nonfrivolous argument to pursue.  *See Anders v. California*, 386 U.S. 738 (1967).  Fountain has responded to our invitation under Circuit Rule 51(b) to comment on counsel's

submission. We limit our review to the potential issues identified in counsel's brief and Fountain's response. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Fountain has told his lawyers that he wants his guilty plea set aside, so counsel begin by evaluating whether he could challenge the voluntariness of his guilty plea or the adequacy of the plea colloquy. *See* FED. R. CRIM. P. 11. Counsel have identified several purported omissions in the colloquy, and we begin there. Because Fountain did not move to withdraw his guilty plea in the district court, our review would be for plain error only. *See United States v. Vonn,* 535 U.S. 55, 59 (2002); *United States v. Griffin,* 521 F.3d 727, 730 (7th Cir. 2008).

Counsel first note that the district court did not mention that Fountain could be subject to restitution or forfeiture. *See* FED. R. CRIM. P. 11(b)(1)(J), (K). The reason, though, is obvious: there was no restitution or forfeiture involved in Fountain's case. Counsel further assert that the court did not tell Fountain he could be subject to a fine, *see* FED. R. CRIM. P. 11(b)(1)(H), but that is incorrect: at the judge's request, the Assistant United States Attorney informed Fountain that the maximum possible fine in his case was $4 million, and Fountain then assured the judge that he understood the penalty. Counsel also observe that the district court did not explicitly state that by pleading guilty Fountain would give up the right to testify and introduce evidence in his defense. *See* FED. R. CRIM. P. 11(b)(1)(E). But the judge did advise Fountain that if he went to trial he could subpoena witnesses and testify in his own defense, or instead decline to present any evidence, including his own testimony. The judge's failure to say more does not rise to the level of plain error. *See United States v. Driver*, 242 F.3d 767, 771 (7th Cir. 2001). We thus agree with counsel that it would be frivolous to argue that the plea colloquy was deficient.

In his response Fountain also challenges his guilty plea, arguing that the plea was involuntary because his attorney at the change-of-plea hearing was ineffective. According to Fountain, his lawyer did not interview witnesses on his behalf, communicated with him only four times in 27 months, and did not fully consider the merits of going to trial instead of entering a guilty plea. Any question about counsel's performance, however, is best presented in a postconviction motion where a factual record may be developed. *See Massaro v. United States,* 538 U.S. 500, 504-05 (2003); *United States v. Harris,* 394 F.3d 543, 557-58 (7th Cir. 2005).

Counsel next consider whether Fountain could argue that the district court should have granted his trial lawyer's motion to withdraw on the ground that Fountain had lost confidence in his representation. To begin with, the district court never decided the motion on its merits. Instead, after Fountain had explained that he was frustrated by trial counsel's failure to ask for a bond hearing and inability to make the ten-year mandatory minimum

disappear, the court postponed ruling on the motion so that counsel could request a bond hearing and file a motion arguing that the statutory minimum was unconstitutional. Counsel then proceeded to vigorously represent Fountain without further conflict, and neither counsel nor Fountain objected to the continued representation. Fountain, then, effectively abandoned the motion, and even if the district court had formally denied it, there would have been no abuse of discretion. *See United States v. Ryals,* 512 F.3d 416, 420 (7th Cir. 2008); *United States v. Best,* 426 F.3d 937, 947-48 (7th Cir. 2005); *United States v. Huston,* 280 F.3d 1164, 1168 (7th Cir. 2002). Appellate counsel therefore correctly conclude that the potential argument would be frivolous.

Counsel next examine whether Fountain could argue that the district court erred in denying him release pending sentencing. Detention rulings, however, are appealable independent of the underlying conviction or sentence, *see* 18 U.S.C. § 3145(c), so the court's decision is not part of the judgment from which Fountain appeals. And in any event, we note that any potential argument that Fountain had became moot when he was sentenced. Therefore, any appellate claim on this ground would be frivolous as well.

Finally, counsel consider potential challenges to Fountain's sentence. The district court began with a base offense level of 30, *see* U.S.S.G. § 2D1.1(c), and subtracted three levels for acceptance of responsibility, *see id.* § 3E1.1, resulting in a total offense level of 27. Based on Fountain's criminal history category of IV, the court calculated an imprisonment range of 100 to 125 months, but because Fountain's offense carried a statutory minimum of ten years' imprisonment, *see* 21 U.S.C. § 841(b)(1)(A)(iii), the adjusted guidelines range was 120 to 125 months. After considering the factors set forth in 18 U.S.C. § 3553(a), the court imposed the highest possible guidelines sentence.

Initially counsel ask whether Fountain could argue that the district court should have relied on *Kimbrough v. United States,* 128 S. Ct. 558 (2007) to sentence him below the ten-year statutory minimum. The court, though, lacked the authority to do so. *See Kimbrough,* 128 S. Ct. at 574; *United States v. Forman,* 553 F.3d 585, 588 (7th Cir. 2009); *United States v. Billings,* 546 F.3d 472, 474 n.1 (7th Cir. 2008). Counsel and Fountain also question whether the district court should have imposed a lower sentence in light of conditions during presentence detention, including the facility's lack of drug counseling or a law library, both of which Fountain claimed he needed. But those conditions are not so onerous that they would warrant special consideration by the district court. *See United States v. Ramirez-Gutierrez,* 503 F.3d 643, 646 (7th Cir. 2007).

Finally, counsel ask whether Fountain could argue that he received an unreasonable prison sentence. But as counsel correctly point out, a sentence within a properly calculated guidelines range is presumptively reasonable. *Rita v. United States,* 127 S. Ct. 2456, 2462

(2007); *United States v. Harvey*, 516 F.3d 553, 556 (7th Cir. 2008). And here the district court gave meaningful consideration to the factors set forth in 18 U.S.C. § 3553(a), including Fountain's extensive criminal history and his likelihood of recidivism. Counsel are unable to articulate any reason why this case might be the exception to the presumption of reasonableness, and so any argument to that effect would be frivolous.

Accordingly, counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.