**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 18, 2009
Decided September 4, 2009

**Before**

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 09-1364

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 06 CR 881 |
| TYREE TERRELL, *Defendant-Appellant.* | Ronald A. Guzmán, *Judge.* |

**O R D E R**

A jury convicted Tyree Terrell of distributing at least 50 grams of crack in violation of 21 U.S.C. § 841(a)(1), and he was sentenced to 360 months' imprisonment. Terrell now appeals his conviction and sentence, but his appointed counsel has asked to withdraw because he cannot discern any nonfrivolous arguments to pursue. *See Anders v. California*, 386 U.S. 738 (1967). Counsel's supporting brief is facially adequate, and Terrell has responded to our invitation under Circuit Rule 51(b) to comment on counsel's submission.

We limit our review to Terrell's arguments and the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

At trial, a government agent testified that in March, 2006, a confidential informant told him that Terrell wanted to sell 63 grams of crack for $1,300. The agent called Terrell and, identifying himself as a friend of the informant, arranged for the three to meet in order to purchase the crack. Before the meeting, the agent equipped the informant with a device to record the conversation. When they arrived at the meeting, Terrell made a phone call to his source and asked for 63 grams of crack. The men then waited for a while, and Terrell, in an apparent attempt to bolster his credibility with the "buyers," told them that he had previously been arrested and the court had set bail at $85,000. Eventually, the three men, joined by one of Terrell's friends, drove to meet two men in a car in a hospital parking lot. The agent gave Terrell $1,300, and the informant and Terrell got into the back seat of the car. After a minute, the informant got out of the car and gave the agent 63 grams of crack. The next day the agent called Terrell a second time, and Terrell offered to sell him firearms. The following week, Terrell and the agent spoke again, and Terrell told the agent that he was ready to sell him another 63 grams of crack whenever he wanted it. Although the government had noted in a preliminary filing that the district judge should instruct the jury that the informant's statements should be considered not for their truth but only to provide context for Terrell's statements, at trial neither party requested such an instruction and the judge did not make one. The jury voted to convict Terrell on the sole count in the indictment of distributing over 50 grams of crack.

After trial, Terrell filed a pro se motion asking for new counsel and counsel moved to withdraw. The district court granted the motion and appointed new counsel, but several days after entering his appearance, Terrell's second lawyer also moved to withdraw, citing a breakdown in communication. The district court granted that motion, too, and appointed a third attorney, Paul Camarena, who represents Terrell on appeal. Two weeks before sentencing, Terrell submitted a pro se letter to the court identifying a number of disagreements that he had with Camarena.

At Terrell's sentencing hearing, the district court first addressed his letter. The district judge explained that Terrell could not advance arguments pro se while represented by counsel, noted that he was on his third lawyer, and told him: "[W]e're at a point now where if you're not satisfied with this attorney, you can certainly proceed on your own if that's what you want to do. Otherwise we will proceed with your attorney and the motions and the issues that he has raised. The choice is yours." Terrell opted to retain Camarena and proceed with sentencing and allocution.

The court then announced the sentence. It observed that Terrell qualified as a career offender because he was older than 18 when he committed this drug crime and had two prior felony convictions for armed robbery as well as a conviction for possession of a controlled substance with intent to deliver. *See* U.S.S.G. § 4B1.1. The court thus applied a base offense level of 37 under U.S.S.G. § 4B1.1(b), which when combined with Terrell's criminal history category of VI yielded an imprisonment range of 360 months to life. In considering the sentencing factors listed in 18 U.S.C. § 3553(a), the district judge placed particular emphasis on Terrell's lengthy criminal history of 11 convictions and 32 additional arrests, observing that it was "one of the most extensive [the judge had] seen." The court then sentenced Terrell at the bottom of the guidelines range.

In his *Anders* submission, counsel first asks whether Terrell could argue that insufficient evidence supported the jury's verdict. We would uphold Terrell's conviction unless no rational trier of fact could have concluded, based on the evidence viewed in the light most favorable to the prosecution, that all of the elements of the charged crime were proved beyond a reasonable doubt. *See United States v. Khattab*, 536 F.3d 765, 769 (7th Cir. 2008). To convict Terrell of distributing crack, the government had to prove that he (1) knowingly distributed 50 grams or more of crack and (2) knew that what he was distributing was a controlled substance. 21 U.S.C. § 841(a)(1); *United States v. Graham*, 315 F.3d 777, 781 (7th Cir. 2003). A government chemist testified at trial that the substance was, in fact, over 50 grams of crack. And the government agent who attended the drug sale testified that he had asked Terrell to sell him crack and that at their arranged meeting he gave Terrell the money they had agreed upon for the crack. Although the agent did not see Terrell hand the crack to the informant—the exchange occurred in the car and the agent could not see through its windows—a rational jury could infer that Terrell knew that he had brokered the transaction to sell crack. We agree with counsel that the government presented enough evidence to sustain a conviction.

Terrell and counsel next turn to potential evidentiary issues. They initially consider whether Terrell could argue that some of the government's testimony was inadmissible under Federal Rule of Evidence 404(b) as character evidence. Specifically, they point to Terrell's recorded statements that he had guns for sale, would supply another 63 grams of crack if the agent needed it, and had previously been arrested and had bond set at $85,000.

Rule 404(b) prohibits the use of prior convictions or other evidence of bad acts to establish that the defendant is the kind of person who commits crimes. *See United States v. Ross*, 510 F.3d 702, 713 (7th Cir. 2007). The rule does, however, permit the government to introduce evidence of prior bad acts to prove other material facts, including identity and knowledge. *Id.* Here, Terrell has waived a challenge to the admission of his prior arrest and bail because he stipulated to those facts, *see United States v. DeSilva*, 505 F.3d 711, 718 (7th

Cir. 2007), and in any event the statement was admissible to show that the speaker on the recording was Terrell, something that he denied, *see United States v. Ellis,* 548 F.3d 539, 544 (7th Cir. 2008). As for the admissibility of Terrell's claim that he could procure another 63 grams of crack at any moment, Terrell did not object to this evidence at trial, so we would review only for plain error. *See United States v. Lewis,* 567 F.3d 322, 326-27 (7th Cir. 2009). And Rule 404(b) was not violated because Terrell's claim that he had ready access to more crack was direct evidence of the charged crime insofar as it showed that he knew he was dealing in crack. *See United States v. Lane,* 323 F.3d 568, 579 (7th Cir. 2003). Finally, Terrell also did not object to the agent's testimony that Terrell offered to sell guns, so review again would be for plain error. The propriety of this testimony is more questionable—after all, it is not direct evidence of Terrell's drug sales nor does it show identity, knowledge, or any other of the 404(b) exceptions. But any mistake in admitting this statement would not rise to the level of plain error, since even without it the evidence against Terrell was overwhelming. *See United States v. James,* 487 F.3d 518, 526 (7th Cir. 2007). We therefore agree with counsel that any 404(b) argument would be frivolous.

Counsel and Terrell also ask whether Terrell could argue that the district court violated the Confrontation Clause by failing to instruct the jury not to consider the confidential informant's side of the recorded conversations for the truth of the matter asserted. Terrell did not object to the informant's statements at trial, so we would review their admission for plain error. *See United States v. Irby,* 558 F.3d 651, 655 (7th Cir. 2009). Arguably the Confrontation Clause is not offended here, since we have held that the government may introduce audio tapes of conversations between the defendant and a confidential informant who did not testify at trial so long as the informant's statements are presented only to put the defendant's side of the conversation in context. *See United States v. Nettles,* 476 F.3d 508, 517 (7th Cir. 2007); *United States v. Tolliver,* 454 F.3d 660, 666 (7th Cir. 2006). To the extent that the informant's statements might have been considered for their truth, the court's failure to warn the jury that this use was improper—an instruction neither party requested at trial—was not plain error. The other evidence against Terrell, including the agent's testimony describing the drug sale and Terrell's own recorded statements of selling the drugs to the agent, easily supports the guilty verdict, even without the informant's statements. *See Irby,* 558 F.3d at 656; *United States v. Prude,* 489 F.3d 873, 880 (7th Cir. 2007).

Terrell and counsel next ask whether Terrell could argue that the district court erred by not allowing him to substitute counsel for a third time. District courts have considerable discretion on requests for substitute appointed counsel, and we would review the court's ruling only for an abuse of discretion. *See United States v. Burgos,* 539 F.3d 641, 645-46 (7th Cir. 2008). We look at three factors in resolving such inquiries: (1) the timeliness of the motion; (2) the adequacy of the court's inquiry into the motion; and (3) whether the

breakdown between lawyer and client was so great as to result in a total lack of communication, precluding an adequate defense. *United States v. Ryals*, 512 F.3d 416, 419 (7th Cir. 2008).

Terrell filed his pro se letter outlining his dispute with Camerena two weeks before the sentencing hearing, and so we may assume that the motion was timely filed. *See id.* But the other two factors would weigh against granting Terrell's request. To begin with, it is unclear that Terrell even wanted a new lawyer; when the district judge asked him what he wanted, Terrell expressed only his desire to make pro se arguments. The judge then listened to his proposed arguments at length, explained to him that he could not both advance these arguments pro se and be represented by counsel, and asked Terrell and Camarena if they wished to proceed with sentencing (they said yes). Moreover, the court had granted two earlier requests for new counsel. And ultimately, on the record before us, Camarena provided an adequate defense at the sentencing hearing. We agree with counsel that it would be frivolous to challenge the district court's discretionary refusal to appoint a fourth attorney. *See Burgos,* 539 F.3d at 646.

Terrell and counsel next raise two potential sentencing issues. Both Terrell and counsel consider whether the district court erred by commenting at length on Terrell's extensive criminal history. Terrell contends that this amounts to plain error, but the argument is frivolous. Terrell never contested the accuracy of his criminal history as described in the presentence report. And district courts are expressly authorized to consider a defendant's criminal history at sentencing. *See* 18 U.S.C. § 3553(a)(1) (instructing court to consider history and characteristics of the defendant); *United States v. Gooden*, 564 F.3d 887, 890-91 (7th Cir. 2009) (relying on defendant's extensive criminal history to support sentence).

Terrell and counsel also ask whether Terrell could challenge the reasonableness of his sentence. But as counsel correctly points out, a sentence within a properly calculated guidelines range, as occurred here, is presumptively reasonable. *Rita v. United States*, 127 S. Ct. 2456, 2462 (2007); *United States v. Harvey*, 516 F.3d 553, 556 (7th Cir. 2008). And here the district court gave meaningful consideration to the factors set forth in § 3553(a), including Terrell's extensive criminal history, the need for deterrence, and the need to protect the public. Neither counsel nor Terrell are able to articulate any reason why this case might be the exception to the presumption of reasonableness, and so any argument to that effect would be frivolous.

Finally, Terrell raises a catalog of complaints that do not appear in counsel's submission, ranging from his claim that his lawyer should have called the confidential informant as a witness to his belief that the government impermissibly altered the

recordings of his conversations with the agent and informant.  These remaining contentions are frivolous as well, and so we GRANT counsel's motion to withdraw and DISMISS the appeal.