In the

# United States Court of Appeals

## For the Seventh Circuit

No. 19-3214

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

ALEJANDRO CAMPOS-RIVERA,

*Defendant-Appellant*.

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:18-CR-00823(1) — **Matthew F. Kennelly**, *Judge*.

ARGUED NOVEMBER 5, 2020 — DECIDED OCTOBER 7, 2021

Before SYKES, *Chief Judge*, and HAMILTON and SCUDDER, *Circuit Judges*.

SYKES, *Chief Judge*. A grand jury indicted Alejandro Campos-Rivera for unlawfully reentering the United States after removal. *See* 8 U.S.C. § 1326(a). He was initially represented by an assistant federal public defender, but counsel moved to withdraw at Campos-Rivera's request based on an irreconcilable conflict between the two. The motion was granted, and a new lawyer was appointed.

Campos-Rivera then filed a half-dozen pro se motions raising issues that his new attorney declined to pursue. The district judge told him that he could not proceed pro se *and* through counsel. Campos-Rivera asked the judge to dismiss his attorney and appoint a third. The judge declined to do so, explaining that a disagreement about motion strategy did not justify the appointment of yet another attorney. The judge gave Campos-Rivera a choice: move forward with his current lawyer or proceed pro se. Campos-Rivera chose the latter.

The judge then addressed and denied the pro se motions. The case proceeded to a bench trial on stipulated facts, and the judge found Campos-Rivera guilty. His appeal focuses on the judge's refusal to appoint a third lawyer and the sufficiency of the evidence on the intent element of the crime.

We affirm. The judge was right: a disagreement between attorney and client over pretrial motions is not grounds for the appointment of a new attorney. In any event, Campos-Rivera validly waived his right to counsel; the judge conducted a comprehensive waiver colloquy to ensure that the decision was fully informed and voluntary. And Campos-Rivera's challenge to the sufficiency of the evidence fails for two reasons. First, § 1326(a) is a general-intent crime. The government need only prove that the defendant knowingly reentered the United States, not that he intended to do so unlawfully. The stipulated facts support an inference of knowing reentry—indeed, that is the only reasonable inference here. Second, Campos-Rivera complains that the judge failed to make a specific factual finding regarding the intent element. But no such finding was necessary. In a bench trial,

a general finding of guilt suffices unless a party asks for specific findings of fact. *See* FED. R. CRIM. P. 23(c). Campos-Rivera did not make that request, so the judge's general finding of guilt sufficed.

## I. Background

Campos-Rivera is a native and citizen of Mexico. In January 2011 he was convicted of two state felonies in Kane County, Illinois. He was removed in May 2012 but reentered the country at some point thereafter and was apprehended by immigration officials on October 19, 2018, in Wheaton, Illinois. A federal grand jury issued a one-count indictment charging him with illegal reentry in violation of § 1326(a).

At the initial appearance, a magistrate judge appointed Assistant Federal Defender Daniel McLaughlin to represent Campos-Rivera. About a month later, McLaughlin moved to withdraw at Campos-Rivera's request, citing irreconcilable conflicts between the two. The district judge granted the motion and appointed Robert Loeb, a private lawyer, to replace McLaughlin.

Though represented by counsel, Campos-Rivera filed a flurry of pro se motions to dismiss and a motion collaterally attacking the underlying removal order. He also asked that Loeb be removed and replaced by a certain federal defender. At a status hearing, the judge informed Campos-Rivera that he did not get to choose his own appointed counsel but deferred ruling on any of the pro se motions until the government had a chance to respond. In the meantime, the government tendered a proposed plea agreement, and Campos-Rivera filed yet another pro se motion to dismiss.

At the next hearing, the judge inquired about the status of Campos-Rivera's motions and the state of his relationship with Loeb. At a sidebar, the judge asked Loeb whether he intended to pursue any of the pro se motions. Loeb responded:

> I am not eager to adopt them. I can't say that they are frivolous. I am not going there. I am weighing what I perceive as the chances of success with an offer that we have, and I am coming to my conclusions as to what is prudent. … I don't think Mr. Campos-Rivera necessarily agrees with that. As to a bottom line, I am not necessarily asking to get out. I am an officer of the court, and I am willing to fulfill that responsibility.

The judge asked Campos-Rivera if Loeb had explained his reasons for not pursuing the motions. Campos-Rivera confirmed that he had. The judge told him that it was up to his attorney to decide which motions to pursue and that no pro se motions would be entertained while he was represented by counsel.

The judge then gave Campos-Rivera the option of either representing himself and pursuing his pro se motions or accepting Loeb's representation and forgoing the motions. Campos-Rivera instead asked the judge to appoint another lawyer who would adopt the motions. The judge replied: "That's not one of the options. You are already on your second lawyer. I am not going to appoint you a third." Campos-Rivera chose to represent himself.

With that, the judge concluded the sidebar and conducted a thorough colloquy with Campos-Rivera to ensure that his decision to represent himself was knowing and voluntary. Finding that it was, the judge permitted Campos-Rivera to proceed pro se and appointed Loeb as standby counsel.

At the next hearing, the judge denied the pending pro se motions. Campos-Rivera filed additional motions to dismiss; those too were denied. Campos-Rivera then waived his right to a jury trial, and the case proceeded to a bench trial on stipulated facts (in lieu of a guilty plea, which under the terms of the government's offer would have required Campos-Rivera to waive his right to appeal). Campos-Rivera stipulated to the following facts: (1) he is a native and citizen of Mexico with no lawful claim to U.S. citizenship or residence; (2) he was removed from the United States on or about May 4, 2012, pursuant to a final order of removal issued on April 23, 2012; (3) he reentered the United States without the permission of the Secretary of Homeland Security sometime after May 4, 2012, and before September 15, 2018; and (4) he was present and found by immigration officials in Wheaton, Illinois, on October 19, 2018. No other evidence was presented. The judge found Campos-Rivera guilty.

## II. Discussion

Now represented by counsel, Campos-Rivera seeks reversal on two grounds. He argues that the judge wrongly refused to grant his request for a new lawyer to replace Loeb. He also challenges the sufficiency of the evidence on the intent element of the offense.

### A.  Substitution of Counsel

We review a denial of a request for appointment of new counsel for an abuse of discretion. *United States v. Volpentesta*, 727 F.3d 666, 672–73 (7th Cir. 2013). Several factors are relevant, including the timeliness of the request, the adequacy of the judge's inquiry into the claim of a conflict between attorney and client, and "whether the conflict was so great that it resulted in a total lack of communication preventing an adequate defense." *Id.* at 673. Reversal is not required unless the denial of the motion amounted to a deprivation of the defendant's Sixth Amendment right to counsel. *Id.*

There's no dispute about the timeliness of Campos-Rivera's motion, so we begin with the second factor: the adequacy of the judge's inquiry into his conflict with his lawyer. As just explained, attorney–client conflicts do not require new counsel unless they prevent the presentation of an adequate defense, *United States v. Morrison*, 946 F.2d 484, 498 (7th Cir. 1991), so the judge must ascertain the nature and extent of the disagreement before ruling on the motion, *United States v. Zillges*, 978 F.2d 369, 372 (7th Cir. 1992). The judge did that here. He asked Loeb to explain his position on the pro se motions, and he confirmed that Campos-Rivera and Loeb had discussed the matter. He then correctly explained that Campos-Rivera could not file pro se motions while represented by counsel, *United States v. Cross*, 962 F.3d 892, 899 (7th Cir. 2020), and that pretrial motions of this sort are matters of strategy left to the attorney.

At each step of this inquiry, the judge ensured that Campos-Rivera understood. Indeed, the judge was aware of the reason for the conflict even before exploring the matter at sidebar. Campos-Rivera had complained in one of his mo-

tions that Loeb would not pursue his preferred defense strategy. *See United States v. Bjorkman*, 270 F.3d 482, 501 (7th Cir. 2001) (considering a prehearing letter from the defendant expressing grievances with his attorney).

In short, the judge's inquiry was thorough and revealed that Loeb and Campos-Rivera disagreed over motion strategy but that Loeb was providing adequate representation. That's sufficient. *See id.* (concluding that the inquiry was adequate where the judge learned the reasons for the conflict rather than "elicit[ing] a general expression of satisfaction" or "dismiss[ing] the matter in a conclusory fashion" (citation and quotation marks omitted)).

Nor does the record show a total breakdown in communication between attorney and client. The two connected regularly but simply disagreed about the best defense strategy. Disagreements over case strategy are not grounds for the appointment of new counsel. *Volpentesta*, 727 F.3d at 673–74. Reversible error occurs only when the conflict between attorney and client "was so great that it resulted in a total lack of communication preventing an adequate defense." *Id.* at 673; *see also United States v. Ryals*, 512 F.3d 416, 420 (7th Cir. 2008) (recognizing a total breakdown where the attorney and the client were "standing apart from each other with folded arms"). There is simply no evidence of that level of breakdown here.

For these reasons, the judge did not abuse his discretion in denying the request for a third attorney. To the extent that Campos-Rivera is really objecting to the difficult choice he had to make—either stick with Loeb or proceed pro se—the objection is a nonstarter. We regularly uphold such ultimatums. *E.g.*, *Volpentesta*, 727 F.3d at 676; *United States v. Alden*,

527 F.3d 653, 661 (7th Cir. 2008); *United States v. Oreye*, 263 F.3d 669, 670–71 (7th Cir. 2001); *United States v. Irorere*, 228 F.3d 816, 828 (7th Cir. 2000). Finally, Campos-Rivera does not challenge the effectiveness of his waiver of counsel. Nor could he. The judge engaged in a comprehensive colloquy to ensure that Campos-Rivera's decision to represent himself was informed and voluntary.

## B. Sufficiency of the Evidence

To convict Campos-Rivera of illegal reentry, the government needed to prove that (1) he is an alien; (2) he was previously removed pursuant to a valid order of removal; and (3) he subsequently reentered the United States without the permission of the Attorney General. § 1326(a). Illegal reentry is a general-intent crime: the government must prove that the defendant knowingly reentered the country but need not prove that he intended to do so unlawfully. *United States v. Rea-Beltran*, 457 F.3d 695, 702 (7th Cir. 2006).

Campos-Rivera faces a "nearly insurmountable" burden to win reversal based on a challenge to the sufficiency of the evidence. *United States v. Dessart*, 823 F.3d 395, 403 (7th Cir. 2016). We review the record in the light most favorable to the prosecution and reverse only if the defendant demonstrates that no rational trier of fact could have found him guilty beyond a reasonable doubt. *Id.* Campos-Rivera cannot satisfy this standard because he stipulated to the essential facts of the crime: he is a native and citizen of Mexico with no claim to U.S. citizenship or residency; he was previously removed pursuant to a final removal order; and he reentered the United States without the permission of the Department of Homeland Security.

Campos-Rivera's argument is limited to the intent element of the crime, but his stipulation to reentering without permission easily supports an inference that he reentered knowingly. Indeed, that is the *only* reasonable inference that can be drawn from the stipulated facts. Nothing in the record suggests that his reentry was unknowing or involuntary.

Campos-Rivera nevertheless argues that because the judge did not make a specific factual finding regarding intent, the judgment must be reversed. Not so. In a bench trial, the judge is not required to make specific factual findings unless a party requests them. FED. R. CRIM. P. 23(c); *United States v. McBride*, 724 F.3d 754, 759 (7th Cir. 2013). Campos-Rivera did not request specific findings of fact, so the judge's general finding of guilt is enough.

AFFIRMED